UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IBEW LOCAL 98 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   vs.<br><br>BEST BUY CO., INC., BRIAN J. DUNN, JIM MUEHLBAUER and MIKE VITELLI,<br><br>             Defendants. | No. 0:11-cv-00429-DWF-FLN<br><br><u>CLASS ACTION</u> |
| RENE LEBLANC, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   vs.<br><br>BEST BUY CO., INC., BRIAN J. DUNN, JAMES L. MUEHLBAUER and MICHAEL A. VITELLI,<br><br>             Defendants. | No. 0:11-cv-00668-DWF-FLN<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARION HAYNES FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF <u>LEAD AND LIAISON COUNSEL</u>**

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are two securities class action lawsuits (the "Actions") brought on behalf of purchasers of the common stock of Best Buy Company, Inc. ("Best Buy" or the "Company") between September 14, 2010 and December 13, 2010,

inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff Marion Haynes hereby moves this Court for an Order: (i) consolidating the related Actions pursuant to Federal Rules of Civil Procedure 42(a); (ii) appointing him as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving his selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Head, Seifert & Vander Weide, P.A. ("Head Seifert") to serve as Lead and Liaison Counsel, respectively.

This motion is made on the grounds that the Actions pending before this Court involve common questions of law and fact, rendering consolidation appropriate. Further, Mr. Haynes is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in this Action, *see* Vander Weide Decl. Ex. B,[1] and he otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

---

[1] References to the "Vander Weide Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Vernon J. Vander Weide in Support of Motion of Marion Haynes for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel, dated April 19, 2011, and submitted herewith.

Accordingly, Mr. Haynes should be appointed Lead Plaintiff, and his selection of Lead and Liaison Counsel should be approved.

## II.     FACTUAL BACKGROUND

Best Buy is a leading retailer of consumer electronics. The complaints generally allege that, during the Class Period, defendants made false and misleading statements concerning demand for the Company's consumer electronics product offerings and the Company's true financial condition. Specifically, the complaints allege that the following facts were known to defendants or deliberately disregarded during the Class Period: (a) demand for Best Buy consumer electronics product offerings was weak or declining and could not support the Company's aggressive fiscal year ("FY") 2011 sales, revenue, and earnings forecasts; (b) the Company's FY 2011 earnings forecast could not be achieved without substantial earnings management and, in particular, a sharp reduction and curtailment of SG&A expenses and aggressive share repurchases which reduced the Company's outstanding shares and increased reported earnings; and (c) despite defendants' statements to the contrary, and because of weak sales demand known to defendants or deliberately disregarded, as of September 14, 2010, the Company was not "on track to deliver and exceed [its] annual EPS guidance" of $3.70 per share.

According to the complaints, the Company knew its product sales were weak or declining as early as June 2010. On December 14, 2010, the Company reported its third quarter 2011 financial results and explained that as product sales continued to decrease across the board, it had missed Wall Street revenue expectations by a wide margin, reporting $0.54 per share, compared to Wall Street consensus estimates of $0.61. In addition, as a

result of weak sales demand and despite the increased FY 2011 earnings forecast in September 2010, the Company slashed its FY 2011 earnings forecast of $3.55-$3.70 to $3.20-$3.40 - well below even the initial FY 2011 earnings forecast set in March 2010. Finally, the Company disclosed that it has repurchased 11 million shares in the quarter, for a total of more than 31 million shares repurchased during the first three quarters of FY 2011, which would have a $0.12 per share positive impact on the reduced FY 2011 EPS forecast of $3.20-$3.40.  On this news, there was an immediate and massive sell off of the Company's shares on December 14, 2010, and a stock price decline of 22% from a Class Period high of $45.63 per share to close at $35.52 per share on December 14, 2010.

### III.   ARGUMENT

#### A.   The Related Actions Pending before this Court Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).  At present, there are two securities class actions pending before this Court against Best Buy and certain of its officers and directors:  (1) *IBEW Local 98 Pension Fund v. Best Buy Co., Inc. et al.*, No. 11-cv-00429-DWF-FLN, filed February 18, 2011; and (2) *LeBlanc v. Best Buy Co., Inc. et al.*, No. 11-cv-00668-DWF-FLN, filed March 17, 2011.  The Actions present virtually identical factual and legal issues, as each one alleges the same Class Period, names the same

defendants, and asserts the same claims under the Exchange Act. Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *See EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (cases "sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay"); *Kinermon v. Cadogan*, 2003 WL 23737288, at *1 (D. Minn. June 23, 2003) ("Courts may consolidate actions when they involve common questions of law or fact, and when unnecessary costs or delay would be avoided."); *Mas v. KV Pharmaceutical Co.*, 2009 WL 1011506, at *1 (E.D. Mo. Apr. 15, 2009) (same).

### B.     Mr. Haynes Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on February 18, 2011. *See* Vander Weide Decl. Ex. C. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed

class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Kinermon*, 2003 WL 23737288, at *1; *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 407 (D. Minn. 1998).

### 2. Mr. Haynes Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Mr. Haynes Has Complied with the PSLRA and Should be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 18, 2011), Mr. Haynes timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the April 19, 2011 deadline. Mr. Haynes has signed and filed a Certification stating that he is willing to serve as the representative party on behalf of the class. *See* Vander Weide Decl.

Ex. A. In addition, Mr. Haynes has selected and retained competent counsel to represent him and the class. *See* Vander Weide Decl. Ex. D, E. Accordingly, Mr. Haynes is entitled to have his application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel considered and approved by the Court.

### b. Mr. Haynes Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Mr. Haynes incurred a substantial $19,722 loss on his transactions in Best Buy securities made in reliance upon materially false and misleading statements and was injured thereby. Vander Weide Decl. Ex. A, B. Mr. Haynes, thus, has a substantial financial interest in this case. Upon information and belief, Mr. Haynes possesses the largest financial interest of any movant seeking lead plaintiff status in the Actions.

### c. Mr. Haynes Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See Kinermon*, 2003 WL 23737288, at *2 (appointing "most adequate plaintiff" that also met the requirements of Rule 23); *Mas*, 2009 WL 1011506, at *2 ("the presumptive lead plaintiff need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."). Mr. Haynes satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Kinermon*, 2003 WL 23737288, at *2 ("the typicality requirement under 23(a), which requires the representative party to have claims similar to those of the class as a whole"); *Mas*, 009 WL 1011506, at *2 ("the typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability.").

Mr. Haynes satisfies this requirement because, just like all other class members, he: (1) invested in Best Buy during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Mr. Haynes' claims are typical of those of other class

members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Haynes to represent the class to the existence of any conflicts between the interests of Mr. Haynes and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *Mas*, 2009 WL 1011506, at *3.

Here, Mr. Haynes is an adequate representative of the class. As evidenced by the injury suffered by Mr. Haynes based on materially false and misleading statements, his interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Haynes' interests and those of the other members of the class. Further, Mr. Haynes has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. As shown below, Mr. Haynes' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, Mr. Haynes *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Mr. Haynes' Choice of Lead and Liaison Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Mr. Haynes has selected Robbins Geller and Head Seifert to serve as Lead and Liaison Counsel, respectively. Both firms have substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J) (appointing Robbins Geller predecessor firm); *see also* Vander Weide Decl., Ex. D, E.

Accordingly, the Court should approve Mr. Haynes' selection of Lead and Liaison Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Haynes respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint him as Lead Plaintiff in the Action; (iii) approve his selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: April 19, 2011                    Respectfully submitted,

                                         HEAD, SEIFERT & VANDER WEIDE, P.A.


                                         *s/ Vernon J. Vander Weide*
                                         VERNON J. VANDER WEIDE (No. 112173)

333 South Seventh Street, Suite 1140
Minneapolis, MN 55402
Telephone: 612/326-6134
612/339-3372 (fax)
vvanderweide@hsvwlaw.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiffs