UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IBEW Local 98 Pension Fund,
Marian Haynes, and Rene LeBlanc,
individually and on behalf of all others
similarly situated,

              Plaintiffs,

v.

Best Buy Co., Inc.; Brian J. Dunn;
Jim Muehlbauer; and Mike Vitelli,

              Defendants.

Civil No. 11-429 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

Clayton D. Halunen, Esq., Halunen & Associates; Daniel J. Pfefferbaum, Esq., and Shawn A. Williams, Esq., Robbins Geller Rudman & Dowd LLP; and Vernon J. Vander Weide, Esq., Lockridge Grindal Nauen PLLP, counsel for Plaintiffs IBEW Local 98 Pension Fund and Marion Haynes, Lead Plaintiff.

Clayton D. Halunen, Esq., Halunen & Associates; D. Seamus Kaskela, Esq., and David M. Promisloff, Esq., Barroway Topaz Kessler Meltzer & Check, LLP; and Garrett D. Blanchfield, Jr., Esq., Reinhardt Wendorf & Blanchfield, counsel for Plaintiff Rene LeBlanc, individually and on behalf of all others similarly situated.

Amelia N. Jadoo, Esq., David W. Beehler, Esq., Michael V. Ciresi, Esq., and Sara A. Poulos, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Defendants.

**INTRODUCTION**

This matter is before the Court on Lead Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 43.) For the reasons set forth below, the Court grants the motion in part.

**BACKGROUND**

Plaintiffs are a class of investors who purchased or acquired Best Buy Co., Inc.'s ("Best Buy") stock during the Class Period. Plaintiffs sued Defendants Best Buy, Brian J. Dunn ("Dunn"), Jim Muehlbauer ("Muehlbauer"), and Mike Vitelli ("Vitelli")[1] for violations of the Securities Exchange Act of 1934 ("SEC Act").[2] (Consolidated Compl. ¶ 1.) In an Order dated March 20, 2012 (Doc. No. 41) (the "March 2012 Order"), the Court granted Defendants' motion to dismiss Plaintiffs' Consolidated Complaint[3] and dismissed Plaintiffs' securities fraud action with prejudice. (Doc. No. 41 at 19.) The facts of this case are thoroughly set forth in the March 2012 Order. The Court incorporates those facts herein and only briefly summarizes the relevant facts below.

In their Consolidated Complaint, Plaintiffs allege that Defendants made false and misleading statements concerning Best Buy's financial condition and its revenue and earnings prospects for FY11. Plaintiffs assert that these statements caused Best Buy's stock to trade at artificially inflated prices throughout the Class Period, only to fall after the true state of Best Buy's financial condition became known. Plaintiffs' allegations

---

[1] At all relevant times, Defendant Dunn was CEO of Best Buy, Defendant Muehlbauer was the Executive Vice President of Best Buy, and Defendant Vitelli was Enterprise Executive Vice President and President of Best Buy for the Americas. (Doc. No. 25, Consolidated Class Action Compl. ("Consolidated Compl.") ¶¶ 23–25.)

[2] The Consolidated Complaint alleges two counts against Defendants: (1) violation of section 10(b) of the SEC Act; and (2) violation of section 20(a) of the SEC Act.

[3] In the March 2012 Order, the Court referred to the Consolidated Complaint as the Amended Complaint.

center on a September 14, 2010 earnings report and forecast, and on statements made during a September 14, 2010 conference call for analysts and investors, during which Defendants made assurances that Best Buy was "on track to deliver and exceed our annual EPS guidance" of $3.55-$3.70 per share, which was up to an 18% increase over FY09. (Consolidated Compl. ¶¶ 62-72.) In addition, Plaintiffs point to statements made by Best Buy executives during the Thanksgiving shopping season, including Black Friday, and in particular a statement that entry-level flat-screen television sales were going strong. (Consolidated Compl. ¶¶ 95–99.)

In the March 2012 Order, and relevant to the present motion, the Court held that these statements did not support Plaintiffs' section 10(b) claims; namely that Best Buy's September 14, 2010 statements were forward-looking and that cautionary statements made by Best Buy were sufficient to bring the statements under the safe harbor provision of the PSLRA; and that the statements made regarding Best Buy's Black Friday sales were not material under section 10(b) of the SEC Act.[4] The Court also denied Plaintiffs' request for leave to amend the Consolidated Complaint.

In support of the present motion, Plaintiffs argue that the Court committed the following manifest legal errors in its March 2012 Order: (1) holding that Best Buy's September 14, 2010 forecast was subject to safe harbor protection; (2) failing to apply the appropriate legal standard in assessing the September 14, 2010 forecast; (3) holding that

---

[4] The Court also dismissed Plaintiffs' claim under section 20(a) of the SEC Act as a derivative claim.

defendants' statement that Best Buy was "on track" to deliver and exceed its FY11 earnings per share forecast was not actionable; and (4) finding a statement concerning strong television sales made on the eve of Black Friday was immaterial.  In addition, Plaintiffs argue that the Court's decision to deny leave to amend and to dismiss with prejudice constituted manifest error.

Defendants oppose Plaintiffs' motion, arguing that the Court did not commit any manifest error of law and followed controlling securities law.  Defendants further assert that Plaintiffs point to no Supreme Court or Eighth Circuit decisions that contradicts the Court's holding in the March 2012 Order, offer no new evidence, and instead inappropriately seek to reargue points that were previously raised and rejected.  Defendants also contend that Plaintiffs' request to amend should be denied, as they have not complied with Local Rule 15.1 or provided the Court with any reason why such an amendment would not be futile.

## DISCUSSION

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  Relief under Rules 59(e) is granted only in "extraordinary" circumstances. *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).  The Court has

4

considered the parties' arguments as set forth in their briefs and at the hearing on this matter, and for the reasons discussed below, concludes that the Court erred in the March 2012 Order by denying Plaintiffs leave to amend their Consolidated Complaint.

Courts are to freely give leave to amend when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts "may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted). In the March 2012 Order, the Court noted that Plaintiffs filed a lengthy Consolidated Complaint after taking five months to complete, and explained that given the amount of time Plaintiffs took to complete their Consolidated Complaint, along with the large number of allegations, that the Court could not envision a set of facts wherein a second amended complaint could survive a motion to dismiss. In retrospect, the Court now believes that this ruling was premature. The record demonstrates that the original complaint in this action was filed on February 18, 2011 (Doc. No. 1), and that on June 5, 2011, Magistrate Judge Franklin L. Noel issued an Order consolidating the originally filed (and above-captioned) action with a related case (*LeBlanc v. Best Buy Co., Inc.*, Civ. No. 11-668).[5] (Doc. No. 18.) Magistrate Judge Noel also appointed a lead plaintiff and lead counsel in the newly consolidated class action. (*Id.*) On June 10, 2011, based on the

---

[5] The complaint in *LeBlanc v. Best Buy* was filed on March 17, 2011.

stipulation of the parties, the Court granted Lead Plaintiff until July 22, 2011 to file and serve a consolidated complaint.  (Doc. No. 23.)  Plaintiffs then filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws on July 22, 2011.  (Doc. No. 25.)  The Consolidated Complaint was the operative complaint that the Court considered in the March 2012 Order.

While the Court considered the Consolidated Complaint to be an Amended Complaint in its March 2012 Order, Plaintiffs are correct to point out that the Consolidated Complaint is not technically an amendment to the original complaint.  Further, Plaintiffs submit that their [Proposed] First Amended Class Action Complaint For Violation of the Federal Securities Law (Doc. No. 46-1), among other things, clarifies which defendants' statements are alleged to be false (including two additional statements not previously addressed by the Court), provides reasons why the statements were false and material, provides additional characterizations as to why Defendants' purported risk warnings were not sufficient to justify safe harbor protection, and alleges new facts unknown at the time the Consolidated Complaint was filed.

Based on the record, the Court cannot say that there are any compelling reasons that would justify denying Plaintiffs the opportunity to amend the Consolidated Complaint.  The Court further concludes that justice requires that Plaintiffs be permitted to file their Proposed Amended Complaint, provided that it is filed along with a redline version comparing the proposed pleading with the operative pleading within seven (7) days of the date of this Order.

The Court recognizes that the procedural posture of this case is rather unusual and that the Court could have required Plaintiffs to first file a motion requesting leave to file an amended pleading, at which point the issue of futility would be addressed.[6] The Court believes the more efficient course is to allow Plaintiffs to file their Proposed Amended Complaint, and in the event that Defendants continue to take the position that Plaintiffs fail to state a claim for relief, Defendants may then promptly move to dismiss the Proposed Amended Complaint.  In the event that Defendants file another motion to dismiss, the Court will consider the motion on the papers and, only if necessary, schedule a hearing with calendar priority.  In addition, the Court will reserve the right to award attorney fees and costs to Defendants should the Court conclude that the Proposed Amended Complaint fails to state a claim for relief.

The Court acknowledges that the parties disagree over whether the Court committed certain legal errors in the March 2012 Order with respect to the Court's consideration of the viability of Plaintiffs' securities fraud claims.  In light of its decision to allow Plaintiffs to amend their Consolidated Complaint, it would be premature for the Court to consider Plaintiffs' remaining arguments regarding these alleged errors unless and until those arguments are made in the context of the new allegations set forth in the Proposed Amended Complaint.

---

[6] The Court also notes that in granting Plaintiffs leave to file an amended complaint, the Court makes no determination regarding the ultimate viability of Plaintiffs' claims as amended.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that Lead Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. [43]) is **GRANTED IN PART** as follows: Judgment in this case is **VACATED** and the Court grants Plaintiffs leave to file their [Proposed] First Amended Class Action Complaint For Violation of the Federal Securities Laws (Doc. No. 46-1) within seven (7) days of this Order.

Dated: October 22, 2012          s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge