UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IBEW Local 98 Pension Fund,                                       Civil No. 11-429 (DWF/FLN)
Marian Haynes, and Rene LeBlanc,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

v.                                                                                        ORDER

Best Buy Co., Inc.; Brian J. Dunn;
Jim Muehlbauer; and Mike Vitelli,

                Defendants.

This matter is before the Court on a Motion for Certification Pursuant to 28 U.S.C. § 1292(b) brought by Defendants Best Buy Co., Inc. ("Best Buy"), Brain J. Dunn, Jim Muehlbauer, and Mike Vitelli (Doc. No. 85). For the reasons set forth below, the Court denies the motion.

The facts of this case have been thoroughly laid out in prior orders. In short, this action is a securities class action brought by Plaintiffs on behalf of all persons who purchased or otherwise acquired the common stock of Best Buy between the dates of September 14, 2010 and December 13, 2010 (the "Class Period"), against Defendants, for violations of the Securities Exchange Act of 1934 ("SEC Act"). By Order dated March 20, 2012 (the "March 2012 Order"), the Court granted Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. No. 41.) Judgment was entered on March 21, 2012. (Doc. No. 42.) By Order dated October 22, 2012, the Court vacated the

judgment and granted Plaintiffs leave to file their First Amended Complaint. (Doc. No. 60.) Plaintiffs filed their First Amended Class Action Complaint for Violation of the Federal Securities Laws (the "FAC") on October 29, 2012. (Doc. No. 61.) Defendants moved to dismiss the FAC, and by Order dated August 5, 2013, the Court granted in part and denied in part the motion. (Doc. No. 78.) Defendants now move to certify the August 5, 2013 Order for interlocutory appeal pursuant to 28 U.S.C. §1292(b) and to stay the action pending appeal. Plaintiffs oppose the motion. Specifically, Defendants seek to certify the following question regarding the PSLRA's safe harbor:

> Does the PSLRA's [Private Securities Litigation Reform Act] safe harbor extend to Best Buy's statements that (1) it was "on track" to deliver its annual earnings guidance and (2) its earnings were "in line" with its expectations, language that reaffirms an underlying forward-looking projection?

(Doc. No. 87 at 2.)

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. *See* 28 U.S.C. § 1292(b); *see also TCF Banking and Sav., F.A. v. Arthur Young & Co.*, 697 F. Supp. 362, 366 (D. Minn. 1988). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases."  *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quotation omitted).  Thus, a motion for certification for interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (noting that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants").

Here, Defendants argue that the above question satisfies the criteria for interlocutory appeal.  Specifically, Defendants submit that the question of whether Best Buy's September 14, 2010 statements were forward looking under the PSLRA is a controlling question of law, that substantial grounds for difference of opinion exist regarding the question of whether the statements were forward looking, and that allowing appellate review would materially advance the ultimate termination of the litigation.  Plaintiffs oppose Defendants' motion, arguing, as a threshold matter, that Defendants' formulation of the question to be certified is misleading and that the determination of whether a statement is forward looking involves an application of the law to the facts.  In addition, Plaintiffs argue that there is no substantial difference of opinion with respect to the interpretation of the PSLRA safe harbor, namely that statements of present condition are actionable, and that an immediate appeal would actually delay this litigation.

Having reviewed the parties' submissions, and given the posture of the present action, the Court concludes that Defendants have failed to demonstrate that the circumstances here warrant the extraordinary relief of interlocutory review. There is no question that the PSLRA safe harbor protects forward-looking statements that are issued with sufficient cautionary language. 15 U.S.C. § 78u-5(c). In this case, the parties disagree as to whether certain statements made by Defendants (the "on track" and "in line" statements) are, indeed, forward looking. In the August 5, 2013 Order, the Court concluded, after many rounds of briefing and in the context of a motion to dismiss, that the "on track" and "in line" statements are actionable because they are *not* forward looking, but instead that they are statements of present condition. (Doc. No. 78 at 18.) In reaching this conclusion, the Court examined the factual context of the statements and applied the law on the PSLRA safe harbor to those facts. While Defendants disagree with the Court's ruling, they have failed to demonstrate the existence of a controlling legal question suitable for interlocutory review. In addition, even assuming that the August 5, 2013 Order contained a controlling question of law upon which there was substantial ground for a difference of opinion, the Court concludes that an interlocutory appeal will actually delay the litigation. In sum, Defendants have failed to meet the "heavy burden" of demonstrating that certification is warranted. Therefore, Defendants' motion for certification is denied.

Defendants have also requested permission to file a motion for reconsideration of the Court's August 5, 2013 Order. (Doc. No. 80.) Plaintiff opposes this request. (Doc. No. 81.) Pursuant to Local Rule 7.1(j), a party must show "compelling circumstances" to

4

obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Having fully considered the submissions of the parties, the Court concludes that Defendants have failed to demonstrate compelling circumstances to justify a motion to reconsider this Court's August 5, 2013 Order. The Court thus denies Defendants' request.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. No. [85)] is **DENIED**; and

2. Defendants' request for leave to file a motion for reconsideration (Doc. No. [80]) is **DENIED**.

Dated: December 19, 2013         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge