UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IBEW Local 98 Pension Fund,
Marion Haynes, and Rene LeBlanc,
individually and on behalf of all others
similarly situated,

           Plaintiffs,

v.

Best Buy Co., Inc., Brian J. Dunn,
Jim Muehlbauer, and Mike Vitelli,

           Defendants.

Civil No. 11-429 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

This matter is before the Court on an Expedited Motion to Stay Proceedings brought by Defendants Best Buy Co., Inc. ("Best Buy" or the "Company"), Brian J. Dunn ("Dunn"), Jim Muehlbauer ("Muehlbauer"), and Mike Vitelli ("Vitelli") (collectively, "Defendants"). (Doc. No. 202.) For the reasons set forth below, the Court grants the motion.

This is a securities class action brought by Plaintiffs on behalf of all persons who purchased or otherwise acquired Best Buy common stock between September 14, 2010 and December 13, 2010, for violations of the Securities Exchange Act of 1934. The background facts of this case have been set forth in prior orders. By order dated August 6, 2014, the Court granted Plaintiffs' Motion for Class Certification. (Doc. No. 200.) On August 19, 2014, Defendants filed a petition under Federal Rule of Civil Procedure 23(f) with the Eighth Circuit Court of Appeals, seeking permission to appeal

the Court's class certification order.  (Doc. No. 205 ("Conners Decl.") ¶ 2, Ex. A.)  Specifically, Defendants seek review of the Court's application of *Halliburton v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 134 S. Ct. 2398 (2014), a recent Supreme Court case permitting securities-fraud defendants to rebut the "fraud-on-the-market" presumption of reliance at the class certification stage.  In addition, Defendants seek guidance on applying the evidentiary showing by which one can rebut the reliance presumption at the class certification stage.  Presently, Defendants ask the Court to stay all proceedings in this case, including the issuance of class notice, pending a ruling by the Eighth Circuit on the petition for permission to appeal the class certification order.[1]

>Rule 23(f) provides:
>
>A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f).  The purpose of Rule 23(f) is to allow appellate review of class certification decisions and to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal.  *See In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002).

A party seeking a stay while an application to appeal is pending bears the burden of showing that:  (1) the party is likely to succeed on the merits of its appeal; (2) the

---

[1] Defendants submit that should the Eighth Circuit grant their petition, the Court and the parties can review the need for an extension of the stay during the pendency of the ensuing appeal.

2

party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011); *Mayo v. UBS Real Estate Sec., Inc.*, Civ. No. 08-568, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011) (applying standard in Rule 23(f) context). The Court considers the relative strength of each factor and balances them all. *Brady*, 640 F.3d at 789.

Defendants argue that the Court has inherent authority to stay this case pending resolution of the Rule 23(f) petition. *See, e.g.*, *Lunde v. Helms*, 898 F.2d 1343, 1346 (8th Cir. 1990). Defendants also submit that there is a "very good chance" that the Eighth Circuit will accept the Rule 23(f) petition because the certification of the class has substantially raised the stakes of the litigation and the appeal would clarify unsettled and important questions of law. In addition, Defendants assert that the Rule 23(f) petition makes a strong showing of a likelihood of success, or at least presents substantial and novel legal questions. Defendants point out that *Halliburton II* reflects "rapidly evolving authority governing the application of Rule 23(b)(3) to securities-fraud and other class actions." (Doc. No. 204 at 8.) Finally, Defendants submit that a stay will not substantially injure Plaintiffs and will be in the public interest.

Plaintiffs oppose the motion, arguing that there is no need to stay this action so as to allow the Eighth Circuit to interpret *Halliburton II* for the district courts. (Doc. No. 208 at 1-2.) In addition, Plaintiffs argue that Defendants do not have a viable claim for appeal, interlocutory review is highly unlikely, and a stay will prejudice their interests and delay this litigation. In particular, Plaintiffs submit that Defendants have not

demonstrated that they are likely to succeed on the merits if the Eighth Circuit accepts their Rule 23(f) petition nor have they identified irreparable injury absent a stay. Plaintiffs also submit that a stay would substantially injure class members and would be contrary to the public interest.

The Court believes that there is a good chance the Eighth Circuit will grant Defendants' petition for permission to appeal the class certification order.  Rule 23(f) appeals are permitted in cases involving a ruling that grants class certification, if the ruling "raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle," or the appeal would clarify an important, unsettled question of law.  *See Mayo*, 2011 WL 3109786, at *1 (citation omitted).  Here, both conditions appear to be present.  First, this action involves a large class of plaintiffs and potentially very significant damages.[2]  Second, Defendants' petition to appeal the class certification order raises legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit.  Although the Court carefully considered the issue of class certification, the Court acknowledges that the question of certification in this action was difficult and involved evolving and novel issues of law that were material to the Court's decision. And though difficult to predict the outcome of the merits of the Rule 23(f) petition, the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with this

---

[2]   Defendants submit that Plaintiffs' damage theory could give rise to liability exceeding $1 billion.  (Doc. No. 204 at 7.)

Court's conclusions, particularly considering the issues involved in this case.  The Court, therefore, finds that the first factor weighs in favor of a stay.

Defendants also argue that they will suffer irreparable harm absent a stay, relying primarily on the fact that they would be forced to engage in costly discovery and motion practice pending the Eighth Circuit's decision.  This factor weighs in favor of a stay.  In addition, the Court notes that it appears there will be little harm to Plaintiffs if a stay is issued.  Although the Court takes seriously the delay to Plaintiffs' "day in court," Defendants only seek a stay pending the Eighth Circuit's decision on the Rule 23(f) petition.  There is no reason to think that the Eighth Circuit will not resolve Defendants' petition in a timely manner.  Should the petition be granted, the parties will present arguments for and against a continued stay.  Finally, the factor considering the harm to the public interest weighs neither in favor nor against a stay.

On balance, after considering all of the relevant factors, and for the reasons stated above, the Court concludes that the factors weigh in favor of a stay.  Thus, the Court grants Defendants' motion.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Expedited Motion to Stay Proceedings (Doc. No. [202]) is **GRANTED**.  Defendants shall notify the Court of the resolution of their Rule 23(f) petition within one week of their receipt of the Eighth Circuit's decision.

Dated:  September 11, 2014                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge