IBEW Local 98 Pension Fund,
Marion Haynes, and Rene LeBlanc,
individually and on behalf of all others
similarly situated,

           Plaintiffs,

v.

Best Buy Co., Inc.; Brian J. Dunn;
Jim Muehlbauer; and Mike Vitelli,

           Defendants.

Civil No. 11-429 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

---

Clayton D. Halunen, Esq., and Melissa W. Wolchansky, Esq., Halunen & Associates; Shawn J. Wanta, Esq., Baillon Thome Jozwiak & Wanta LLP; Aelish M. Baig, Esq., Kenneth J. Black, Esq., Daniel J. Pfefferbaum, Esq., and Shawn A. Williams, Esq., Robbins Geller Rudman & Dowd LLP; and Vernon J. Vander Weide, Esq., Lockridge Grindal Nauen PLLP, counsel for Plaintiffs IBEW Local 98 Pension Fund and Marion Haynes, Lead Plaintiff.

Clayton D. Halunen, Esq., Halunen & Associates; Shawn J. Wanta, Esq., Baillon Thome Jozwiak & Wanta LLP; D. Seamus Kaskela, Esq., and David M. Promisloff, Esq., Barroway Topaz Kessler Meltzer & Check, LLP; and Garrett D. Blanchfield, Jr., Esq., Reinhardt Wendorf & Blanchfield, counsel for Plaintiff Rene LeBlanc, individually and on behalf of all others similarly situated.

Daniel J. Stujenske, Esq., George S. Wang, Esq., and Joseph M. McLaughlin, Esq., Simpson Thacher & Bartlett LLP; Eric J Magnuson, Esq., Jeffrey Sullivan Gleason, Esq., Nicole S. Frank, Esq., and Stephen P. Safranski, Esq., Robins Kaplan LLP; Jan M. Conlin, Esq., and Michael V. Ciresi, Esq., Ciresi Conlin LLP, counsel for Defendants.

## INTRODUCTION

Plaintiffs are stockholders of Defendant Best Buy Co., Inc. ("Best Buy"). Plaintiffs filed suit against Defendants for securities fraud and seek to represent a class of stockholders who were injured. This case is back on remand from the Eighth Circuit's reversal of this Court's order certifying the class. Plaintiffs now request permission to file a new motion for class certification. For the reasons discussed below, the Court denies Plaintiffs' request

## BACKGROUND

On September 14, 2010, Best Buy issued a press release summarizing its financial performance for the second quarter of its fiscal year 2011. *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 777 (8th Cir. 2016) ("*Eighth Circuit Order*"). The press release drove up the stock price. Then a few hours later, Best Buy held a conference call where its Chief Financial Officer stated that Best Buy's earnings would be "in line" with its original expectations and that Best Buy was "on track" with its original earnings-per-share guidance. *Id.* On December 14, 2010, Best Buy issued a press release reporting a decline in sales for the third quarter. *Id.* Likewise, Best Buy's CFO explained the lower sales in a conference call that day. *Id.* at 778. After these announcements, Best Buy's stock price fell.

Plaintiffs filed suit for securities fraud based on the alleged misstatement in the September 14, 2010 press release and conference call. Defendants moved to dismiss. *Id.* This Court granted the motion to dismiss in part. The Court concluded that claims for the

press release were not actionable, but that the claims for the conference call were. *Id.* Later, the Court granted Plaintiffs' motion to certify a class. Defendants appealed. On appeal, the Eighth Circuit reversed the certification and remanded the case. Plaintiffs now ask the Court to revisit class certification.

## DISCUSSION

A plaintiff asserting liability for securities fraud under Section 10(b) or Rule 10b–5 must adequately allege: "'(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.'" *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1028 (8th Cir. 2011) (quoting *Stoneridge Inv. Partners, LLC v. Sci.-Atl., Inc.*, 552 U.S. 148, 157 (2008)). At issue here, is the reliance element of the claim. One way that a plaintiff can demonstrate that he relied on a misrepresentation is by showing that he knew about the statement and that he bought or sold stock based on that statement. *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014) ("*Halliburton II*"). Having recognized the practical shortcomings of this approach in securities-fraud cases, a plaintiff is allowed to proceed based on a rebuttable presumption of reliance, often referred to as the fraud-on-the-market theory. *Id.* at 2407-08. This theory is based on the assumption that "well-developed markets reflect all publicly available information, and, hence, any material misrepresentation." *Id.* at 2408. As a result, a stock buyer or seller is presumed

3

to rely on the accuracy of the information because that information is deemed to be reflected in the market price. *Id.*

A plaintiff can invoke the fraud-on-the-market theory by showing: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Id.* Without each of these elements, the plaintiff cannot invoke the fraud-on-the-market theory because it cannot be presumed that the purchase price fully incorporated all of the information in the market. *Id.* The use of the presumption proves vital for certifying a class action for securities fraud because without it the court would have to make individual inquiries into each plaintiff's reliance. *Id.* at 2416 ("Without proof of those prerequisites, the fraud-on-the-market theory underlying the presumption completely collapses, rendering class certification inappropriate.").

In *Haliburton II*, the Supreme Court acknowledged some of the shortcomings of the fraud-on-the-market theory. In particular, the Court conceded that we do not live in a binary world where markets are either efficient or not. For example, it turns out that some information is incorporated into the market price much quicker than other information. *See id.* at 2421 (Thomas, J., concurring) (citing articles that determine that technical filings were digested and incorporated much slower than Wall Street Journal articles, for example). The Supreme Court therefore examined how to determine whether a particular misstatement had been incorporated into the stock price.

The Court noted that the first three elements of the fraud-on-the-market theory (publicity, materiality, and efficient market) are directed toward price impact—that is, "whether the alleged misrepresentation affected the market price in the first place." *Id.* at 2414. "In the absence of price impact, [the] fraud-on-the-market theory and presumption of reliance collapse." *Id.* The Court held that after a plaintiff invokes the fraud-on-the-market presumption by showing price impact, a defendant could, at the class-certification stage, put on evidence of the absence of price impact to rebut that presumption. *Id.* at 2415-16.

Here, the Eighth Circuit concluded that the alleged misstatements on the conference call did not have a price impact. *Eighth Circuit Order* at 783. The Eighth Circuit reached that conclusion based on the "overwhelming evidence of no price impact," including Plaintiffs' own expert who said the conference call had no price impact. *Id.* at 782-83. As a result, the Eighth Circuit reversed the order certifying the class and remanded for proceedings not inconsistent with its order.

On remand, Plaintiffs ask the Court to revisit the issue of class certification. District courts are typically barred from revisiting the issued decided by the court of appeals. 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § 4478.3, *Fed. Prac. & Proc.* (2d ed. 2017). The bar is generally limited to matters actually decided by the court of appeals, as opposed to dicta or assumptions. *Id.* Plaintiffs now want to put on evidence that the September 14 conference call had a price impact by artificially maintaining the inflated stock price. The parties use much of their briefing to argue over whether the Eighth Circuit's order forecloses a plaintiff from

5

showing price impact through a price-maintenance theory.  But the Court does not need to resolve that argument because the Eighth Circuit was clear that Plaintiffs had failed to show price impact.  The Court is bound by that determination.

Plaintiffs argue that even if the Court determines that it is bound by the Eighth Circuit's determinations, there are exceptions to that rule.  Specifically, Plaintiffs argue that:  (1) the Eighth Circuit's order did not foreclose rebuttable evidence showing price impact; (2) *Halliburton II*'s requirement to show price impact was intervening authority, which Plaintiffs have never had the opportunity to address; (3) Plaintiffs have new evidence that was not presented for the earlier order; and (4) courts usually have broad discretion to revisit class certification until a final judgment is entered.

First, the Eighth Circuit's order did not leave open the opportunity for Plaintiffs to put on rebuttable evidence of price impact.  Plaintiffs are correct that the Eighth Circuit concluded that the September 14 conference call had no price impact in part because of the fact that Plaintiffs did not provide any contrary evidence to show price impact.  But Plaintiffs ignore the fact that their own expert said the September 14 conference call had no price impact. *Eighth Circuit Order* at 783.  The idea that Plaintiffs should be given the opportunity to refute their own expert is simply a nonstarter.  Thus, Plaintiffs have failed to show that the Eighth Circuit left open the opportunity for Plaintiffs to present rebuttable evidence on price impact.

Second, the Court is unpersuaded by Plaintiffs' argument that *Halliburton II* was intervening authority that the parties have yet to address.  While it is true that *Halliburton II* was decided after Plaintiffs filed their motion for class certification, Plaintiffs (like

6

Defendants) had the opportunity to address price impact once the Supreme Court issued *Halliburton II* before the Court issued its first order granting class certification. Plaintiffs decided that *Halliburton II* did not alter the legal landscape. (*Compare* Doc. No. 195, *with* Doc. No. 197 (Defendants wrote a two-page brief explaining *Halliburton II*'s impact, while Plaintiffs just supplied the case.)) What's more, Plaintiffs opposed an earlier motion to stay the case while *Halliburton II* was pending in part by arguing that "even if the Supreme Court does find in *Halliburton II* that a defendant may submit evidence of price impact at class certification, we already know that defendants' 'rebuttal' evidence here fails, as must their entire opposition to plaintiffs' Motion for Class Certification." (Doc. No. 167 at 5.) Thus, Plaintiffs argument that it did not have the opportunity to brief or to argue price impact fails.

Third, Plaintiffs have failed to identify any new evidence to show price impact. Plaintiffs cite to purportedly new documents that support their allegations of a misstatement, but nothing to show price impact.[1] While Plaintiffs aver that a new expert will show that the September 14 conference call impacted the stock price by maintaining it at inflated levels, such a presentation is foreclosed by Plaintiffs' earlier expert who concluded that the conference call had no impact. Thus, Plaintiffs have failed to show that any new evidence will show price impact.

Last, Plaintiffs argue that the Court has the discretion to revisit the class certification order. Under Federal Rule of Civil Procedure 25(c)(1)(C), before final

---

[1] Defendants also contest whether this evidence is actually new.

judgment, the Court has the power to alter or amend an order granting or denying class certification. The Fifth Circuit grappled with whether Rule 25(c)(1)(C) allowed a court to revisit class certification on remand. *Gene & Gene, L.L.C. v. BioPay*, L.L.C., 624 F.3d 698 (5th Cir. 2010). In *BioPay*, the plaintiff sought to certify a class of individuals who received unsolicited faxes in violation of the Telephone Consumer Protection Act of 1991 ("TCPA").[2] One of the issues for TCPA cases is whether the plaintiff consented to receive the faxes. In *BioPay*, the Fifth Circuit had reversed an earlier order certifying the class because the Fifth Circuit concluded that the issue of consent was not susceptible to class-wide proof. *Id.* at 700. On remand, the plaintiff sought to reopen discovery for the purpose of finding class-wide proof for the issue of consent. *Id.* at 700-01. After receiving additional discovery, the district court granted a new motion for certification, and the defendant appealed. *Id.* at 701-02.

On appeal, the Fifth Circuit rejected that Rule 25(c)(1)(C) allowed a district court to reexamine issues decided on appeal. *Id.* at 702-03. The court explained that on remand the Rule operates to allow courts to reexamine a class certification if facts or circumstances change. The Rule is not meant to allow plaintiffs second chances at class certification after the appellate court "expressly decided" the issue. *Id.* at 703.

Here, the facts against a new motion for class certification are even starker. The Eighth Circuit did not reverse the order granting certification based on an issue of discovery. Instead, the Eighth Circuit concluded that the September 14 conference call

---

[2] 47 U.S.C. § 227, *et seq.*

had no price impact, again based in part on Plaintiffs' own expert. *Eighth Circuit Order* at 782-83. Plaintiffs now want to use a different expert who will opine that the conference call produced a price impact. The Eighth Circuit squarely decided this issue, and like in *BioPay*, this Court cannot revisit the issue. Thus, the Court denies Plaintiffs request to file a new motion for class certification.[3]

Because the Eighth Circuit found that Plaintiffs failed to show price impact, Plaintiffs will have to proceed with traditional evidence of reliance. That is, Plaintiffs will have to show that they heard the September 14 conference call and bought or sold the stock because of the call. As explained in *Halliburton II*, this individualized inquiry is not suitable for a class action. *See Halliburton II* at 2416 ("Without proof of those prerequisites, the fraud-on-the-market theory underlying the presumption completely collapses, rendering class certification inappropriate.").

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Request to File a New Motion for Class Certification (Doc. No. [267]) is **DENIED**.

Dated: June 23, 2017         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge

---

[3] Plaintiffs also ask the Court to allow the motion merely to preserve the record. The Court, however, does not consider this decision a close call and therefore is not inclined to grant the request merely to preserve the record.