# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IBEW Local 98 Pension Fund, *et al.*,  Civil No. 11-429 (DWF/HB)
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiffs,

v.   **ORDER**

Best Buy Co., Inc., *et al.*,

        Defendants.

This matter is before the Court upon Lead Plaintiff's objection (Doc. No. 317) to Magistrate Judge Franklin L. Noel's July 11, 2018 Order (Doc. No. 311). Defendants oppose Lead Plaintiff's objection. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In the July 11, 2018 Order, Magistrate Judge Noel denied Lead Plaintiff's motion to file a second amended complaint under Rule 16(b)(4) and Rule 15(a) of the Federal Rules of Civil Procedure. In short, the Magistrate Judge explained with respect to Rule

16(b)(4) that "neither newly discovered facts, a change in circumstance, or a change in law justify Lead Plaintiff's belated motion for leave to amend." (Doc. No. 311 at 23.) In addition, in explaining why Lead Plaintiff's motion for leave to amend also fails to satisfy the undue delay analysis under Rule 15(a)(2), the Magistrate Judge concluded that Lead Plaintiff unduly delayed in moving for leave to amend and that, in addition to undue delay, granting the motion for leave to amend would prejudice Defendants. (*Id*. at 24-25.) The Magistrate Judge also discussed why the law of the case doctrine also warrants the denial of Lead Plaintiff's motion for leave to amend because the proposed second amended class complaint seeks to revive previously dismissed claims.

In its objection, Lead Plaintiff argues that the Magistrate Judge's order is both clearly erroneous and contrary to law because Plaintiff satisfies both Rules 15 and 16. Specifically, Lead Plaintiff argues that the proposed second amended complaint is based upon newly discovered evidence produced after the motion deadline, good cause to permit amendment exists, the law of the case doctrine does not foreclose amendment, and only plaintiff and the proposed class have suffered prejudice.

After careful review, the Court denies Lead Plaintiff's objection and affirms Magistrate Judge Franklin L. Noel's July 11, 2018 Order in all respects. The Magistrate Judge correctly found that there was no justification for Lead Plaintiff's delay in seeking to amend the complaint and that an amendment would prejudice Defendants. Lead Plaintiff has not established that the Magistrate Judge's decision is clearly erroneous or contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Lead Plaintiff's objection (Doc. No. [317]) of Magistrate Judge Franklin L. Noel's July 11, 2018 Order is **OVERRULED**.

2. Magistrate Judge Franklin L. Noel's July 11, 2018 Order (Doc. No. [311]) is **AFFIRMED.**


Dated: August 24, 2018         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge