# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IBEW Local 98 Pension Fund, Marion Haynes, and Rene LeBlanc, individually and on behalf of all others similarly situated, | Civil No. 11-429 (DWF/FLN) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Best Buy Co., Inc.; Brian J. Dunn; Jim Muehlbauer; and Mike Vitelli, | |
| Defendants. | |

## INTRODUCTION

Plaintiffs are stockholders of Defendant Best Buy Co., Inc. ("Best Buy"). Plaintiffs filed suit against Defendants for securities fraud and sought to represent a class of stockholders who were injured. This case came back on remand from the Eighth Circuit's reversal of this Court's order certifying the class. The case is now before the Court on a motion for summary judgment brought by Defendants Best Buy, Brian J. Dunn, Jim Muehlbauer, and Mike Vitelli. (Doc. No. 329.) For the reasons discussed below, the Court grants Defendants' motion.

## BACKGROUND

On September 14, 2010, Best Buy issued a press release summarizing its financial performance for the second quarter of its fiscal year 2011. *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 777 (8th Cir. 2016) ("*Eighth Circuit Order*"). The press release drove up the stock price. A few hours later, Best Buy held a conference call

where its Chief Financial Officer ("CFO") stated that Best Buy's earnings would be "in line" with its original expectations and that Best Buy was "on track" with its original earnings-per-share ("EPS") guidance. *Id.* On December 14, 2010, Best Buy issued a press release reporting a decline in sales for the third quarter. *Id.* Likewise, Best Buy's CFO explained the lower sales in a conference call that day. *Id.* at 778. After these announcements, Best Buy's stock price fell.

Plaintiffs filed suit for securities fraud based on the alleged misstatements in the September 14, 2010 press release and conference call. After a first motion to dismiss was granted, Plaintiffs amended their complaint and filed their First Amended Consolidated Class Action Complaint. (Doc. No. 61 ("First Am. Compl.").) Plaintiffs did not allege actual reliance on the asserted statements, but instead explained that they would "rely upon the presumption of reliance established by the fraud-on-the-market doctrine." (*Id.* ¶ 176.) Defendants again moved to dismiss. (Doc. No. 65.) This Court granted the motion to dismiss in part. (Doc. No. 78.) The Court concluded that claims based on the EPS guidance statement in the press release were not actionable, but also found that the conference call statements were actionable. Later, the Court granted Plaintiffs' motion to certify a class. (Doc. No. 200.) Defendants appealed. On appeal, the Eighth Circuit reversed the certification and remanded the case. In doing so, the Eighth Circuit held that Defendants had rebutted the presumption of reliance by submitting direct evidence of no price impact, namely evidence that severed any link between the alleged conference call misstatements and the stock price at which Plaintiffs purchased. *Eighth Circuit Order* at 782-83. On remand, the Court denied Plaintiffs' request to file a renewed motion for

2

class certification, explaining that because the Eighth Circuit found that Plaintiffs failed to show price impact, they will have to proceed with traditional evidence of reliance. "That is, Plaintiffs will have to show that they heard the September 14 conference call and bought or sold the stock because of the call." (Doc. No. 282 at 9.)

Plaintiffs then moved to amend the complaint, seeking to allege substantial evidence of additional actionable misrepresentations and omissions. The motion to amend was denied. (Doc. Nos. 311, 324.) Defendants now move for summary judgment.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cty.*

3

*of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II. Plaintiffs' Claims

Plaintiffs bring claims under §§ 10(b) and 20(a) of the Securities Exchange Act. The elements of a claim under Section 10(b) are: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460-61 (2013). At issue here is the element of reliance.

A plaintiff can demonstrate reliance by showing that he knew about the statement and that he bought or sold stock based on that statement. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011) ("*Halliburton I*"). "A plaintiff unaware of the relevant statement, on the other hand, could not establish reliance on that basis." *Id.* at 810. In light of the practical shortcomings of this approach in securities-fraud cases, a plaintiff is allowed to proceed based on a rebuttable presumption of reliance, often referred to as the fraud-on-the-market theory. *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407-08 (2014) ("*Halliburton II*"). When the presumption is rebutted, "a plaintiff would have to prove that he directly relied on the defendant's misrepresentations in buying or selling the stock." *Id.* at 2408.

Here, Plaintiffs sought to invoke this presumption, but the Eighth Circuit applied *Halliburton* and concluded that Defendants had rebutted the presumption. The Eighth Circuit reached that conclusion based on the "overwhelming evidence of no price impact," including Plaintiffs' own expert who said the conference call had no price impact. *Id.* at 782-83. As a result, the Eighth Circuit reversed the order certifying the class and remanded for proceedings not inconsistent with its order.

On remand, Plaintiffs sought permission to file a new motion for class certification. The Court explained that the Eighth Circuit was clear that Plaintiffs had failed to show price impact, did not leave open the opportunity for Plaintiffs to put on rebuttable evidence of price impact, and that Plaintiffs failed to identify any new evidence to show price impact. (Doc. No. 282 at 6-7.) The Court denied Plaintiffs' request to file a new motion for class certification and reiterated that Plaintiffs must "proceed with traditional evidence of reliance" and "show that they heard the September 14 conference call and bought or sold the stock because of the call." (*Id*. at 9.) Unable to make a showing of reliance, Plaintiffs sought to amend the complaint to allege additional actionable misrepresentations and omissions. (Doc. No. 286.) The motion was denied. (Doc. Nos. 311, 324.)

Based on the above, Plaintiffs must proceed with traditional evidence of reliance. Defendants argue that Plaintiffs cannot meet their burden to prove reliance upon the alleged misrepresentation and, therefore, summary judgment should be granted. In support, Defendants point to the deposition testimony of Lead Plaintiff Marion Haynes:

> Q. And before you made your decision to purchase Best Buy stock on November 29th, 2010, and the second set of shares on December 2, 2010, you'd never listened to the earnings call that had taken place on September 14, 2010: correct?
>
> A. That's correct.
>
> Q. And you'd never read a script of that September 14th earnings call; had you?
>
> A. No, ma'am.
>
> Q. And you'd never read any analysts reports that had talked about that press release or that earning call; had you, sir?
>
> A. No.

(Doc. No. 332 ("Stujenske Decl.") ¶ 3 ("Haynes Dep.") at 62.) In addition, Defendants cite evidence that Haynes conducted research on two websites—Scottrade and Dividend Investor—and no other information when determining what stocks to buy. (Haynes Dep. at 32-33, 33-34, 36.) Further, Defendants submit that there is no evidence in the record that the other two plaintiffs relied on the September 14 conference call in buying Best Buy stock. Finally, Defendants point out that Plaintiffs do not allege actual reliance in the First Amended Complaint.

In his opposition, Lead Plaintiff Haynes acknowledges that he cannot prove that he heard the September 14 earnings call and bought or sold the stock based on that call. (Doc. No. 335 at 2, 14 ("It is undisputed that plaintiff did not hear the earnings calls as required by this Court in its June 23 Order.").) Nor does Lead Plaintiff argue that Defendants' motion for summary judgment be denied. Instead, Plaintiff takes issue with

6

prior rulings, namely the denial of Plaintiffs' renewed motion for class certification and motion to amend.

Because Plaintiffs cannot meet the burden of proving reliance, there is no genuine dispute of material of fact and summary judgment is properly granted.[1] In addition, because there is no triable claim for securities fraud for the above reasons, Plaintiffs' Section 20(a) control person claim (Count II), which is derivative of Count I, also fails. *See Deviries v. Prudential-Bache Sec., Inc.*, 805 F.2d 326, 329 (8th Cir. 1986).

### ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. [329]) is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 8, 2019                s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge

---

[1] Defendants moved for summary judgment against the other remaining plaintiffs, IBEW Local 98 Pension Fund and Rene LeBlanc. Neither filed an opposition to Defendants' motion. The Court concludes that summary judgment is appropriate as to their claims as well.